The Honorable Bill Clinton Governor of Arkansas State Capitol Little Rock, AR 72201
Dear Governor Clinton:
This is in response to your request, received on May 1, 1991, for an opinion regarding the Governor's authority to establish regulations concerning the exercise of his power of executive clemency. The opinion request is dated January 11, 1991; however, this office did not receive the correspondence until May 1.
Specifically, you have asked:
 if legally a Governor could limit the number of times an inmate applied for executive clemency during a certain time period, and/or would it be permissible to promulgate a regulation that said once an application for executive clemency has been denied, that applicant must wait three (3) or four (4) years before applying again.
In my opinion, a court would uphold the Governor's authority to establish such regulations, in the absence of legislatively imposed regulations to the contrary.
"Executive clemency" is defined as "the power of the chief executive to pardon or commute a criminal sentence." Black's LawDictionary 511 (5th ed. 1981). The Governor of Arkansas is given the power to grant executive clemency in Article 6, Section 18 of the Arkansas Constitution, which provides, in pertinent part:
 In all criminal and penal cases, except in those of treason and impeachment, the Governor shall have power to grant reprieves, commutations of sentence and pardons after conviction; and to remit fines and forfeitures under such rules and regulations as shall be prescribed by law.
This provision clearly places the power of executive clemency in the Governor; nevertheless, it has been construed to allow reasonable regulation of that power by the legislature. SeeBaldwin v. Scoggins, 15 Ark. 427 (1855); Horton v. Gillespie,170 Ark. 107, 279 S.W. 1020 (1926). In Horton, the Arkansas Supreme Court held that the Governor's power to pardon is not absolute, but is subject to such regulation as the legislature may see proper to impose that does not substantially deprive the chief executive of this power. In that case, the Court was asked to determine whether a particular act of the legislature regulating applications for pardon was a reasonable regulation of the Governor's pardoning power. In the course of its opinion, the Court pointed out that:
 In the absence of legislation the Governor might have exercised the power conferred in any manner he pleased, and might have prescribed any rules or regulations concerning its exercise which he thought would be helpful to him.
It appears, then, that in the absence of legislation, the Governor may prescribe rules and regulations governing the exercise of his power of executive clemency. See alsoWilliams v. Brents, 171 Ark. 367, 284 S.W. 56 (1926). Indeed, in Baldwin v. Scoggins, supra, the Court concluded that the failure of the legislature to regulate the exercise of this power indicates its confidence in the sound discretion of the executive.
Current legislative regulation of the application process for executive clemency is limited and does not appear to extend to the number of applications that may be filed in a certain time period or to the length of time that an inmate must wait between applications. See A.C.A. § 5-4-607 (1987). House Resolution No. 1008 of 1991, which was approved by both houses of the legislature in the recent legislative session, however, specifically requests the Governor to establish reasonable restrictions in this area. The legislature has not provided any guidance as to what it would consider a reasonable restriction on the executive clemency application process. Until such guidance is provided, we can only conclude that the Governor may exercise his discretion in determining what would be considered a reasonable restriction in this regard. Our research has disclosed no other limitations on the types of restrictions the Governor may impose. The United States Supreme Court has specifically held that a convicted person has no constitutional or inherent right to executive clemency. See Conneticut Board of Pardons v.Dumschat, 452 U.S. 458 (1981). And as previously noted, Arkansas cases would appear to allow any regulations the Governor would find helpful in exercising his power. See Horton v.Gillespie, supra.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney Catherine Templeton.
Sincerely,
Winston Bryant Attorney General